# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Moussa Diarra, | Case No. 21-cv-2033 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| U.S. Government; DeKalb County District Attorney; State of Georgia; and U.S. Citizen and Immigration Services, | |
| Defendants. | |

Plaintiff Moussa Diarra did not pay the filing fee for this case, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. This matter is now before the Court for consideration of Diarra's IFP application.

A person unable to pay the filing fees for a civil action in federal court may apply for IFP status. *See* 28 U.S.C. § 1915. That said, restrictions are placed on prisoners who seek IFP status. For example, prisoners granted IFP status are not entitled to a full waiver of the filing fee, but instead are merely permitted to pay that filing fee in installments over time. *See* 28 U.S.C. § 1915(b). In addition,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

Diarra has already been found by another court to have registered at least three strikes pursuant to § 1915(g).  *See Diarra v. Trump*, No. 5:21-CV-287 (TES/CHW), ECF No. 4 (M.D. Ga. Aug. 13, 2021) (identifying three actions filed by Diarra dismissed as frivolous).  This Court concurs entirely with the analysis set forth in those decisions and finds that Diarra has "struck out" of federal court.  Moreover, the complaint does not establish that Diarra "is under imminent danger of serious physical injury."[1]  28 U.S.C. § 1915(g).

Accordingly, § 1915(g) bars Diarra from proceeding IFP in this litigation, and his IFP application is denied on that basis.  If Diarra wishes to pursue this action, he must pay the full $402.00 filing fee by no later than **November 3, 2021**, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Diarra should note, however, that even if he pays the full filing fee in a timely manner, his complaint will still be reviewed pursuant to 28 U.S.C. § 1915A to determine whether it states a cause of action on which relief can be granted.

---

[1] Diarra does allege that he "has serious medical conditions and [has] been subject of medical discrimination and overall denial of adequate medical services."  Compl. at 9 [ECF No. 1].  This allegation, however, is entirely conclusory.  Diarra has not provided any factual allegations that, if proved true, would establish that he has been denied medical case or that this denial places him under imminent danger of serious physical injury.

2

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The application to proceed *in forma pauperis* of plaintiff Diarra [ECF No. 2] is **DENIED**.

2. Diarra must pay the $402.00 filing fee for this action by no later than **November 3, 2021**, failing which this Court will recommend that this action be dismissed without prejudice for failure to prosecute.

Date: October  12 , 2021

                    *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Diarra v. U.S. Government et al.*
Case No. 21-cv-2033 (JRT/TNL)